John THOMAS

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. A. No. 8689.

United States District Court
W. D. Louisiana,
Opelousas Division.

Jan. 16, 1963.

Pavy & Boudreaux, Albert J. Boudreaux, Opelousas, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and L. H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

PUTNAM, District Judge.

Plaintiff brings suit under Section 205 (g) of the Social Security Act, as amended, (42 U.S.C. § 405(g)), for review of a final decision of the Secretary of Health, Education and Welfare denying his application for a period of disability (disability freeze) and for monthly disability insurance benefits.

Both plaintiff and defendant have moved for summary judgment, the record of the administrative proceedings has been filed, and there is no reason why the matter cannot now be finally adjudicated.

Plaintiff applied to establish his claim for a period of disability and benefits on March 4, 1960. In the application he alleged disability commencing in August, 1959, due to arthritis. The record reflects that at that time he was stricken with tetanus and hospitalized in the Lafayette Charity Hospital, he recovered from this illness, and has since complained of inability to work due to heart trouble, "blood trouble", swelling of his hands and feet and constant pain over his entire body, particularly his left chest, arm, shoulder and back. His application was finally denied by a hearing examiner and the Appeals Council denied request for review, making the examiner's decision final in the matter, on December 19, 1961.

In providing for judicial review of the administrative determination in such cases, Congress has expressly limited the function of the Court by inclusion of the following language in 42 U.S.C. § 405 (g):

> "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

■ Thus, this inquiry is limited to determining whether or not, considering the entire record so made, there exists "substantial evidence" to support the finding that Thomas was not "under an impairment or combination of impairments of such severity as would preclude him from engaging in any type of substantial gainful activity during the life of his application  *  *  *" as stated

by the examiner. Cody v. Ribicoff, 8 Cir., 1961, 289 F.2d 394; Boyd v. Folsom, 3 Cir., 1958, 257 F.2d 778, 781; Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ The term "substantial evidence" as applied to administrative findings has been defined by the Supreme Court in Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938) as follows:

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (305 U.S. 229, 59 S.Ct. 216, 83 L.Ed. 126).

Again, in N. L. R. B. v. Columbian Enameling & Stamping Co., Inc., 306 U. S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939), that Court said:

"Substantial evidence * * * must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (306 U.S. 300, 59 S.Ct. 505, 83 L.Ed. 660).

The Act, in Sections 416(i) and 423, 42 U.S.C. provides that "disability" as contemplated therein is: " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

In making his determination, the examiner had for consideration the records of the Lafayette Charity Hospital reflecting that at the time of his illness Thomas made a remarkable recovery, and was discharged with little residual disability with exercise recommended for therapy; a report of examination by Dr. James Gilly, orthopedist, of Lafayette dated April 1, 1960, stating flatly that the swelling would not constitute "a real disability, particularly not at this time," and that Dr. Gilly could not explain Thomas' difficulties on an orthopedic basis; a report of Dr. D. F. Gremillion,

Opelousas, Louisiana, an internist, dated April 25, 1960, concluding "he has no symptoms referable to his cardiac status and that there is no impediment to work at this time."

The only medical evidence even remotely favorable to plaintiff is that of Dr. D. J. DeBlanc, who referred almost all questions to the Lafayette Charity Hospital records, and, on March 17, 1960 diagnosed the condition as residuals of lockjaw and possible cardiac, with blood pressure of 180/190, and on November 29, 1960 found objectively that Thomas had pulmonary edema, basilar rales, and an enlarged heart. His diagnosis on this occasion was "possible cardiac-pulmonary pathology."

■ Under these circumstances this Court cannot hold otherwise than that the examiner's findings were and are supported by "substantial evidence" that plaintiff was not entitled to disability benefits referable to August, 1959, the date given by him in his application.

■ Plaintiff has the burden of proof of his disability. 42 U.S.C. §§ 416(i) (1) and 423(c) (2). He was afforded every opportunity to establish, as he was required to do, that he was disabled in August of 1959, suffered continuously therefrom for a period of six months, and that such disability was likely to result in death, or to be of long-continued and indefinite duration. He has failed to carry the burden of proof so imposed upon him.

For the foregoing reasons, it is adjudged:

That the motion for summary judgment filed herein by the defendant Secretary of Health, Education and Welfare, on September 25, 1962, be and the same is hereby maintained, and accordingly judgment is rendered affirming the decision of said Secretary dated September 22, 1961, on the application of John Thomas, herein reviewed, and dismissing plaintiff's suit.

Formal decree will be presented for signature.